WITHROW v. NASHVILLE.

Opinion delivered October 11, 1920.

1. MUNICIPAL CORPORATIONS—PERCENTAGE OF ASSESSMENT FOR IM-
PROVEMENT.—The statutory provision that the total cost of a
single improvement district shall not exceed 20 per cent. of the
assessed valuation of the property is a limitation applicable to
the total valuation of all the property in the district, but not to
the valuation of each separate tract or block of land.

2. EVIDENCE—MATTER OF COMMON KNOWLEDGE.—The Supreme Court
judicially knows that the assessed valuation of property is not
supposed to exceed 50 per cent. of its market value, that being
the basis upon which the assessments are made.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICTS—LIMIT OF AS-
SESSMENTS.—The constitutional limitation that no assessment for
an improvement shall exceed the enhanced value or benefit de-
rived from the improvement does not limit the assessment to the
value at which the property was assessed for State and county
taxation.

4. MUNICIPAL CORPORATIONS—REVIEW OF ASSESSMENTS FOR LOCAL IM-
PROVEMENTS.—The assessment of benefits in a municipal improve-
ment district by the board of assessors will not be set aside on
appeal unless it is affirmatively and satisfactorily shown that it
was incorrect.

Appeal from Howard Chancery Court; *James D.
Shaver;* Chancellor; affirmed.

*W. C. Rodgers,* for appellant.

The assessment is excessive, discriminatory and
confiscatory. The assessment for State and county taxa-
tion is the actual value of the property in making assess-
ments for benefits to local improvements in municipali-
ties. 86 Ark. 1, 20-1; Const. 1874, art. 2, § 22. The valu-
ation of appellant's property is entirely too high as
shown by the assessment of other property in the locality.
The property is shown to be taxed far above its value,
and 25 per cent. more than any other like property in the
city.

*W. P. Feazel,* for appellee.

Appellant has not been treated unfairly nor un-
justly. The board assessed his additional benefits at

$1,000 and the council reduced it to $500, and the board and council who heard all the evidence and were familiar with the property were in much better position to do justice than this or any other court, and their decision is final until overthrown by facts, not opinions that the assessment is unfair, unequal or excessive. 99 Ark. 522; 121 *Id.* 112; 98 *Id.* 543. No inequality or unjustness is shown. Appellant's property is assessed no more than other buildings in the same vicinity.

SMITH, J. This is an action to enjoin an alleged unlawful assessment of benefits of a local improvement district. The complaint alleged that the plaintiff, who is the appellant here, is a real estate owner in Sewer Improvement District No. 1 and Waterworks District No. 1, of Nashville, Arkansas, the said districts being coterminous and coexistent, and that both had been recently organized for the purpose of furnishing water and sewer service to the citizens of the city of Nashville. That in pursuance of the purpose and object of the said improvement districts assessments had been made against the real property in said districts for both water and sewer purposes, and that an additional or supplemental assessment had been made against the property of the district for sewer purposes. It was further alleged and shown that appellant's property was assessed for State and county taxes upon a valuation of $7,000, and that his assessment for the waterworks was $4,000 and for the sewer $3,000, with a supplemental assessment for the sewer district of $1,000. That appellant had appealed from this additional assessment of $1,000 for the sewer district, and at a meeting of the city council, at which his appeal was heard, that assessment was reduced to $500. That the council refused to strike off the remaining additional assessment of $500, and this suit was brought to cancel that assessment.

The authority of the district to make the additional assessment which was made against all the lands in the city is not raised or questioned, except appellant says

as to his property it is excessive, discriminatory and confiscatory.

Appellant's chief insistence is that the assessment is confiscatory, and in his brief it is pointed out that the total assessment for the two improvements exceeds the assessed value of his property for State and county taxation. It is argued that the valuation for State and county taxation is the actual value of property, so far as it is important to consider what the market value of property is in making assessments of benefits for local improvements in municipalities; and it is insisted that there can be no assessments of benefits for these local improvements in excess of the valuation fixed for State and county purposes. It is true that the statute provides that the total cost of any single improvement district in a municipality shall not exceed 20 per cent. of the valuation of the property in the district as assessesd for State and county taxation. But it has been held that this limitation does not exist against each separate tract or block of land; but the limitation is against the total valuation of all the property in the district. *Kirst* v. *Improvement District,* 86 Ark. 1; *White* v. *Loughborough,* 125 Ark. 63. There is no provision that the assessment of benefits against a particular piece of property shall not exceed the valuation as fixed for State and county purposes. We judicially know that in no case is this valuation supposed to exceed 50 per cent. of the market value of the property, that being the basis upon which the assessments are made; and, practically speaking, it is no doubt true that in many cases the assessed value for State and county purposes does not equal 50 per cent. of the market value. Indeed, while appellant's property is assessed for State and county taxes at only $7,000, no contention is made that that sum represents even half its market value. Upon the contrary, the admission is made that the cost of the construction of the building in 1913 was $17,000 or $18,000. Of course, there is a constitutional limitation that no assessment for an improvement shall exceed the enhanced value or benefit to be derived from

the improvement; but this limitation has never been construed as meaning that the valuation for State and county purposes imposes a limitation beyond which betterments may not be imposed for improvement district purposes—if benefits in excess of that valuation will be derived from the improvement.

In opposition to the proposed additional assessment, appellant testified that he would be unable to realize any more income by reason of said improvements, and that burdening it with these assessments was confiscatory. Appellant also testified that he had a private sewerage and water system for his building. It was shown, however, that the property in question comprised the finest building in the city, and it was not shown that the property would not be very substantially benefited by a general waterworks system, with sewerage for the town at large.

Appellant compares the assessment of his property with that on another building having more floor space but neither water nor sewer facilities, and yet with a smaller assessment of betterments, and offers this circumstance as conclusive proof of a discriminatory assessment. It must be remembered, however, that the assessment complained of was made by officers whose duty it was to become familiar with the physical conditions of the property against which they assessed the anticipated benefits to result from the proposed improvement; and, as we said in the case of *Board of Improvement* v. *S. W. Gas & Electric Co.,* 121 Ark. 112: "It is our duty to accept as correct the assessment of the board of assessors unless it is affirmatively and satisfactorily shown that the assessment is incorrect. *McDonnell* v. *Improvement District,* 97 Ark. 334."

Appellant was not the only owner whose benefits were assessed at a sum in excess of the valuation fixed for State and county taxation; and it is not shown that those other owners complained, or that their assessments were reduced, and the record does not warrant us in concluding that appellant has been discriminated against.

Appellant's property was assessed in the usual manner by the assessors, and that assessment was reviewed by the town council, where a reduction of $500 in the assessment was made, and an assessment of only $500 was allowed to stand against the property. The question, therefore, is, whether this $500 assessment should be stricken from the assessment roll.

There is no way to measure with mathematical exactness what the enhanced value will be from a proposed improvement, as this is very largely a matter of opinion, and necessarily a question about which opinions are widely variant; and, as we do not think the case made warrants us in reversing the decree of the court below, in which the assesssment complained of was approved, that decree must be affirmed, and it is so ordered.